**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**KURTIS HARRISION et al.**

**Plaintiffs,** **CIVIL ACTION NO. 05-CV-73079-DT**

**vs.**

**DISTRICT JUDGE GERALD E. ROSEN**

**OAKLAND COUNTY et al,** **MAGISTRATE JUDGE MONA K. MAJZOUB**
**Defendants.**
_________________________/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND TO COMPEL DEPOSITIONS (DOCKET # 59 ), DENYING DEFENDANTS' MOTION TO TERMINATE DEPOSITION AND FOR A PROTECTIVE ORDER (DOCKET # 61), DENYING PLAINTIFFS' MOTION TO ENTER LAND FOR PURPOSES OF INSPECTION (DOCKET # 63), AND GRANTING IN PART PLAINTIFFS' MOTION FOR THIRD ADJOURNMENT OF SCHEDULING ORDER DATES (DOCKET # 69)**

On May 23, 2006 Plaintiffs filed a Motion for Protective Order and to Compel Depositions (Docket # 59). Defendants filed a Motion to Terminate Deposition and for a Protective Order on June 7, 2006 (Docket # 61). Plaintiffs further filed a Motion for Entry Onto Land for Purposes of Inspection (Docket # 63) on June 8, 2006. Responses were filed to all of these motions. Plaintiffs then filed a Motion for Third Adjournment of Scheduling Order Dates (Docket # 69) on June 12, 2006, which was unopposed. District Court Judge Gerald E. Rosen referred these motions to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). The parties appeared

through counsel for oral arguments on July 14, 2006. These motions are now before this Court.

## I. Plaintiffs' Motion for a Protective Order and to Compel Depositions

Plaintiffs seek an order compelling: (1) the depositions of eight previously undeposed Defendants and eleven non-party witnesses; (2) the continued deposition of Defendant Sarah Gooch; and (3) a protective order preventing Defense counsel from: (a) engaging in disruptive conduct; (b) witness coaching; (c) making long-winded and elaborate objections; (d) instructing witnesses not to answer questions; and (e) unilaterally terminating depositions. Plaintiffs also seek reasonable costs and attorneys' fees.

To the extent Plaintiffs seek to depose the eight previously undeposed Defendants and eleven non-party witnesses, Defendants do not object. However, Defendants do object to a continuation of Defendant Gooch's deposition and to Plaintiffs' request for a protective order to regulate Defense counsel's conduct.

Based upon the parties' pleadings and oral arguments, this Court **GRANTS** Plaintiffs' Motion to Compel Depositions and **DENIES** Plaintiffs' Motion for a Protective Order for the reasons stated on the record by the Court during the July 14, 2006 hearing. The Court also denies Plaintiffs' request for reasonable costs and attorneys' fees.

NOW, THEREFORE, **IT IS HEREBY ORDERED** that the depositions of the eight previously undeposed Defendants (Douglas Eader, Michael McCabe, Pam Newsome, Nancy Scarlet, H.C. Wallace, Michael Bouchard, Anthony Brown, and Stacey Green) will be completed **on or before August 3, 2006**.

**IT IS FURTHER ORDERED** that the eleven non-party witness previously noticed by Plaintiffs (named by Plaintiffs' counsel as Joe Ashley, Cassidy, Hess, Steele, Weston, Bailey, Veers, Meyers, Gary McClure, Lt. Holmes, and Carolyn Godluski) will be completed **on or before August 11, 2006**.

The Court also **ORDERS** that counsel for both parties re-familiarize themselves with this Court's Standing Administrative Order 96-AO-024 entitled "Principles of Civility"[1] and the Michigan Rules of Professional Conduct, which they are bound to uphold pursuant to Local Rule 83.22(b).

Lastly, the Court **ORDERS** that counsel re-familiarize themselves with the Federal Rules of Civil Procedure 30(d) regarding the proper method for objecting to perceived improper questioning during depositions and for terminating depositions. The Court cautions both counsel that they are subject to sanctions for any further violation of said Rules.

---

[1] In particular, the Court draws counsels' attention to responsibilities that counsel has to one another as noted in numbers 19, 20, 21, 22 and 25.

## II. Defendants' Motion to Terminate Deposition and for a Protective Order

Defendants seek an order terminating Defendant Gooch's deposition and protecting them against the inappropriate behavior of Plaintiff Kurtis Harrison and Plaintiffs' counsel.

In light of the Court's Order granting Plaintiffs' Motion to Continue Defendant Gooch's deposition, and for the reasons stated by the Court in said Order, Defendants' Motion to Terminate Deposition is **DENIED**. Defendants' motion for a protective order is also **DENIED**.

## III. Plaintiffs' Motion to Enter Onto Land for Purposes of Inspection Under Fed. R. Civ. P. 34(a)(2)

Plaintiff seeks an order allowing himself and an unnamed computer expert to enter the Oakland County Sheriff's Office for the purposes of inspecting Defendants' computers in an attempt to retrieve e-mails allegedly deleted. At the July 14, 2006 hearing, Plaintiff's counsel conceded that the proper vehicle for such a request is a Motion to Compel the Production of Documents under Federal Rules of Civil Procedure 34(a)(1). For this reason, and for the reasons stated on the record by the Court at the July 14, 2006 hearing, Plaintiffs' Motion to Enter Onto Land for Purposes of Inspection is **DENIED**.

## IV. Plaintiffs' Motion for Third Adjournment of Scheduling Order Dates

Plaintiff seeks an order to adjourn the scheduling order dates for 90 days.

Defendants do not object to this motion. Due to the outstanding discovery at issue in the present motions, the Court **GRANTS IN PART** Plaintiffs' Motion for Third Adjournment of Scheduling Order Dates. A Third Amended Scheduling Order is filed separately.

## V. Notice to the Parties

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: 7/17/06

s/ Mona K. Majzoub
**MONA K. MAJZOUB**
**UNITED STATES MAGISTRATE JUDGE**

## Proof of Service

I hereby certify that a copy of this order was served upon Counsel of Record on this date.

Dated: 7/17/06

s/ Lisa C. Bartlett
**Courtroom Deputy**