UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KURTIS HARRISON and
BRITT HARRISON,

       Plaintiffs,

                                         Case No. 05-73079
v.                                      Hon. Gerald E. Rosen

OAKLAND COUNTY, *et al.,*

       Defendants.
_____/

### ORDER REGARDING OBJECTIONS TO
### MAGISTRATE JUDGE'S JULY 17, 2006 OPINION AND ORDER

               At a session of said Court, held in
               the U.S. Courthouse, Detroit, Michigan
               on __August 3, 2006_____

               PRESENT: Honorable Gerald E. Rosen
                                United States District Judge

       In an opinion and order dated July 17, 2006, Magistrate Judge Majzoub ruled on a number of pending discovery-related motions. Plaintiffs and Defendants both have filed objections to certain aspects of the Magistrate Judge's decision. For the reasons set forth below, the Court finds that the Magistrate Judge's rulings generally should be upheld, with certain limited exceptions on points upon which the parties are now in agreement.

       First, Defendants object that the Magistrate Judge imposed unreasonably short deadlines in requiring that certain depositions be completed by August 3, 2006 and others be completed by August 11, 2006. Plaintiffs concur in this objection, and agree that

additional time is necessary to complete these depositions.  In accordance with the parties' agreement on this matter, the Court finds that the Magistrate Judge's ruling should be MODIFIED to extend the relevant deadlines by *two (2) weeks*, an extension that Defendants believe to be sufficient to schedule the remaining depositions.

Next, Defendants object to the Magistrate Judge's ruling authorizing the deposition of Oakland County Sheriff Michael Bouchard, arguing that Plaintiffs have not identified a sufficient basis for taking the deposition of this high-ranking official.  In response, Plaintiffs have agreed to voluntarily withdraw their request for this deposition, without prejudice to their opportunity to revisit this matter at a later date if deemed appropriate.  In accordance with the parties' resolution of this matter, the Court hereby orders that the Magistrate Judge's ruling be SET ASIDE to the extent that it authorizes the deposition of Sheriff Bouchard.

Finally, in an objection filed on August 1, 2006,[1] Plaintiffs argue that the extensions of the discovery and dispositive motion deadlines reflected in the Magistrate Judge's opinion and subsequent scheduling order are inadequate to permit the parties to complete discovery and to prepare and file dispositive motions.  Having expressly

---

[1] The Court notes that this objection arguably was untimely filed more than ten days after service of the Magistrate Judge's July 17, 2006 opinion and order.  See Fed. R. Civ. P. 72(a).  In an apparent effort to avoid this result, Plaintiffs have characterized their objection as directed at the July 20, 2006 amended scheduling order issued by the Magistrate Judge, as opposed to the July 17, 2006 opinion and order which serves as the substantive ruling on Plaintiffs' motion seeking an amended scheduling order.  The Court finds it unnecessary to resolve this question of timeliness, and instead elects to address Plaintiffs' objection on the merits.

referred this matter for the Magistrate Judge's determination in light of her greater familiarity with the parties' conduct during discovery and superior opportunity to assess the nature and causes of the various delays in the discovery process in this case, the Court finds no basis for concluding that the Magistrate Judge's resolution of this issue was "clearly erroneous or contrary to law," as required to set aside this ruling.  See Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A).  To the contrary, this Court previously expressed its own unwillingness to grant any further extensions beyond the two, totaling 90 days, that it already had granted, (see 6/8/2006 Order at 2), and also suggested that any additional extensions granted by the Magistrate Judge should be "modest" in scope, (see 6/16/2006 Order at 2).  Under these circumstances, the Court finds no basis to disturb the Magistrate Judge's decision to grant an additional 60-day extension to the already-generous discovery and dispositive motion deadlines in this case.

      For these reasons,

      NOW, THEREFORE, IT IS HEREBY ORDERED that the parties' objections to the Magistrate Judge's July 17, 2006 opinion and order are SUSTAINED IN PART and OVERRULED IN PART, in accordance with the rulings in this order.

Dated:  August 3, 2006          s/Gerald E. Rosen
                                    Gerald E. Rosen
                                    United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 28, 2006, by electronic and/or ordinary mail.

                                                s/Vee Sims for LaShawn R. Saulsberry
                                                Case Manager