UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KURTIS HARRISION et al.**

     **Plaintiffs,**       CIVIL ACTION NO. 05-CV-73079-DT

vs.

     DISTRICT JUDGE GERALD E. ROSEN

**OAKLAND COUNTY et al,**      MAGISTRATE JUDGE MONA K. MAJZOUB
     **Defendants.**
_____/


**OPINION AND ORDER DENYING PLAINTIFFS' MOTION
TO COMPEL ANSWERS TO PLAINTIFFS' THIRD INTERROGATORIES
AND SIXTH REQUEST TO PRODUCE (DOCKET # 88) AND
DENYING PLAINTIFFS' MOTION TO COMPEL ANSWERS TO PLAINTIFFS'
FOURTH INTERROGATORIES (DOCKET # 87)**

I.    PROCEDURAL BACKGROUND

On August 18, 2006 Plaintiffs filed a Motion to Compel Answers to Plaintiffs' Third Interrogatories and Sixth Request to Produce (Docket # 88) and a Motion to Compel Answers to Plaintiffs' Fourth Interrogatories (Docket # 87). Responses were filed. District Court Judge Gerald E. Rosen referred both motions to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). The parties appeared through counsel for oral argument on October 2, 2006. These motions are now before this Court.

## II.      LAW AND ANALYSIS

### A.      General Discovery Standards

The scope of discovery under the Federal Rule of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir.1998). Parties may obtain discovery on any matter that is not privileged and is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Relevant evidence is defined as evidence having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Even evidence that would not be admissible at trial is still discoverable "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

The court may nevertheless limit discovery if it determines that the request is "unreasonably cumulative ⋯ [or] obtainable from some other source that is more convenient, less burdensome, or less expensive ⋯ [or] the party seeking discovery has had ample opportunity by discovery in the action to obtain the information ⋯ [or] the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(i)-(iii).

### B.      Plaintiffs' Motion to Compel Answers to Plaintiffs' Third Interrogatories and Sixth Request to Produce Documents

Plaintiffs seek an order compelling Defendants to answer their Third Set of

Interrogatories and their Sixth Request for Production of Documents dated June 26, 2006.  Specifically, Plaintiffs' Interrogatories numbers 1-3 seek the names of all individuals from 1985 to present who have or had the authority to discipline or terminate, or who are or were "duty bound" to terminate, fifteen named individual past and present employees of the Defendant.   Plaintiffs' Request to Produce Documents number 1 seeks FBI notes, reports, documents, and "any evidence" related to an alleged past investigation of the Oakland County Sheriff's Department, Ken Quisenberry, Gary Miller and/or Lieutenant Harvey.  Defendants objected to Plaintiffs' Interrogatories numbers 1-3 and Plaintiffs' Request to Produce Documents number 1 as being irrelevant, overly broad and unduly burdensome.

Plaintiffs' pleadings provide little guidance to this Court in determining the relevancy of the broad scope of discovery sought by Plaintiffs' Interrogatories numbers 1-3 and Request to Produce Documents number 1.  Not until the October 2, 2006 hearing did Plaintiffs' counsel suggest that their requested discovery might be relevant to establish a pattern or practice of discipline, or lack thereof, of employees engaged in conduct similar to that for which Plaintiff Kurt Harrison was terminated.

Plaintiffs failed to establish a sufficient basis to support their request for information covering a 22-year time span as requested in Interrogatories 1-3.  Plaintiffs also did not adequately explain away the vague and duplicative nature of its request in

3

Interrogatory number 3.  Plaintiffs have failed to establish the relevancy of the documents from the purported FBI investigation at issue in Plaintiffs' Request to Produce Documents number 1.   Because the discovery cut-off date has passed, the Court  is not inclined to modify Plaintiffs' discovery requests in an attempt to fix the deficiencies.

Based on the foregoing, and for the reasons stated on the record at the October 2, 2006, the Court hereby **DENIES** Plaintiffs' Motion to Compel Answers to Plaintiffs' Third Interrogatories and Plaintiffs' Sixth Request to Produce Documents dated June 26, 2006.

### C. Plaintiffs' Motion to Compel Answers to Plaintiffs' Fourth Set of Interrogatories

Plaintiffs also seek an order compelling Defendants to answer their Fourth Set of Interrogatories dated July 7, 2006.  Specifically, Plaintiffs' Interrogatory  number 1 seeks the names and contact information for every person interviewed by Defendants Ahearn, Miller and Eader or their counsel in connection with this case.  Defendants partially responded to Interrogatory number 1 by providing the names of 17 non-party, employee witnesses who were interviewed by Defendants' counsel.  However, Defendants objected to providing Plaintiffs with any contact information by stating that Plaintiffs are prohibited from contacting these individuals because they are represented by counsel.

Again, the pleadings were of little assistance to this Court. Plaintiffs also provided little justification to support their claim that Interrogatory number 1 seeks relevant information reasonably calculated to lead to admissible evidence. Rather, Plaintiffs conceded that Interrogatory number 1 does, in fact, seek discovery protected as attorney work-product.

Based upon the foregoing, and for the reasons stated on the record at the October 2, 2006 hearing, the Court hereby **DENIES** Plaintiffs' Motion to Compel Answers to Plaintiffs' Fourth Interrogatories dated July 7, 2006.

**IT IS SO ORDERED.**


III.    <u>NOTICE TO THE PARTIES</u>

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: 10/4/06                               <u>s/ Mona K. Majzoub</u>
                                             **MONA K. MAJZOUB**
                                             **UNITED STATES MAGISTRATE JUDGE**

## Proof of Service

     I hereby certify that a copy of this order was served upon Counsel of Record on this date.

Dated: 10/4/06                         s/ Lisa C. Bartlett  
                                             **Courtroom Deputy**