**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KURTIS HARRISON,
et al.,

        Plaintiffs,            CIVIL ACTION NO. 05-CV-73079-DT

   vs.

                                DISTRICT JUDGE GERALD E. ROSEN

OAKLAND, COUNTY OF,        MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

        Defendants.
_____/

### OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT MORE THAN TEN (10) DEPOSITIONS (Docket no. 105)

This matter comes before the Court on Plaintiffs' Motion For Leave To Conduct More Than Ten (10) Depositions filed on September 14, 2006. (Docket no. 105). Defendants have responded to the motion. (Docket no. 111). Plaintiffs have filed a Brief in Reply. (Docket no. 116). The matter has been referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decisional process would not be significantly aided by oral argument. Therefore, this motion will be resolved without oral argument pursuant to E.D. MICH. LR 7.1(e)(2).

This action is a fairly straightforward civil rights action involving claims of sexual harassment, wrongful discharge, and retaliation. Plaintiff Kurtis Harrison was employed as a deputy sheriff by Oakland County and was discharged. His wife is the other Plaintiff. Plaintiffs have already taken the depositions of at least twenty people. (Docket no. 105 at 3). Defendants say that Plaintiffs have deposed twenty-three people. (Docket no. 111 at 8). At any rate, it is not disputed that Plaintiffs have exceeded their limit of ten depositions under Fed. R. Civ. P. 30(a)(2)(A). Before

-1-

Plaintiffs may take any more depositions leave of court is required under that provision. Plaintiffs seek permission to take fifteen to twenty more depositions. Defendants oppose the motion on several bases.

Plaintiffs have already received several extensions of the scheduling order governing discovery deadlines. Discovery cut-off was originally scheduled for March 31, 2006. (Docket no. 21). Plaintiffs' motion to extend the dates of the scheduling order was granted by Judge Rosen, and discovery cut-off was delayed until May 31, 2006. (Docket nos. 35, 37). Plaintiffs again moved to push back the relevant dates, and Judge Rosen granted in part the motion and set the discovery cut-off for June 30, 2006. (Docket nos. 54, 64). Plaintiffs again moved for an extension of time, and this Court granted in part the motion and set the discovery cut-off for August 31, 2006. (Docket nos. 69, 78, 79). Plaintiffs objected to this new scheduling order. (Docket no. 82). On review, Judge Rosen upheld the discovery dates noting that he had previously expressed his own unwillingness to grant any further extensions and had suggested that "any additional extensions granted by the Magistrate Judge should be 'modest' in scope." (Docket no. 89 at 3).

The scope and conduct of discovery is within the discretion of the Court. *Ventura v. The Cincinnati Enquirer*, 396 F.3d 784, 789 (6th Cir. 2005). Rule 26(b)(2) lists some factors for the Court to consider in determining whether discovery should be limited including whether the discovery sought is unreasonably cumulative or duplicative, and whether the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought.[1] *See Whittingham v.*

---

[1] The text of the pertinent portion of Fed. R. Civ. P. 26(b)(2) is as follows:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed

*Amherst College*, 163 F.R.D. 170 (D. Mass. 1995); *General Elec. Co. v. Indemnity Ins. Co.*, 2006 WL 1525970 (D. Conn. May 25, 2006) (unpublished). In considering whether to allow additional depositions, the Court should also consider whether the party has named the individuals it seeks to depose and made a particularized showing of why the discovery is necessary. *Whittingham,* 163 F.R.D. 170 (reasoning that such specificity is contemplated by the language of Fed. R. Civ. P. 30(a)(2) which requires leave of court "if the person to be examined is confined in prison or if, without the written stipulation of the parties," the "proposed deposition" would result in more than ten depositions being taken). The moving party must not only justify the depositions it seeks to take but also the depositions it has already taken. *General Elec.*, 2006 WL 1525970.

Plaintiffs concede that this is not a complex case. (Docket no. 116 at 1). The Court wholeheartedly agrees. Plaintiffs have taken between twenty and twenty-three depositions in addition to serving interrogatories and production requests. They now ask for permission to take fifteen to twenty additional depositions. Plaintiff's request is plainly excessive in view of the nature of this case. Furthermore, Plaintiffs have wholly failed to show why the extensive discovery they have already undertaken has not been sufficient to explore the relevant issues of this action. Plaintiffs have not revealed any Rule 26(f) discovery plan that might support the extreme relief they are seeking by this motion. The request for leave to take up to twenty additional depositions appears to be the result of Plaintiffs' failure to efficiently utilize the appropriate discovery tools and prioritize their discovery efforts to date. As seen from the extensions of the discovery period set out above, the Court has been very generous in giving Plaintiffs extra time to discover the facts of the

---

discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

case. However, three extensions of the original discovery deadline have now expired, and the Court's generosity is exhausted.

Plaintiffs attempt to justify their request by citing the complexity of the case, but they have themselves conceded in their own pleadings that their case is not complex. They reference the fifteen Defendants in the case, but fail to convince the Court that the number of Defendants entitles them to forty depositions. Finally, Plaintiffs allege that Defendants have "mobilized to attack [Plaintiff] Kurtis' credibility by interviewing women he once had acquaintances with, and by attempting to insinuate that he is some sort of sexual predator." (Docket no. 116 at 2). They wish to have the opportunity to interview the same women that Defendants have purportedly interviewed.

Although Plaintiffs wish to depose these women, they have failed to give the Court good reason why the depositions should be allowed. Contrary to the applicable court rules, they have made no attempt to make any particularized showing of a need to depose anyone other than Suzanne Holloway. Their attempt to make this showing for Holloway also fails. Holloway is purportedly one of the women allegedly harassed by Kurtis Harrison and has been alluded to by Defendants in the course of discovery. (Docket no. 116 at 7). Defendants have answered Plaintiffs' Fifth Set of Interrogatories and Seventh Request To Produce To Defendants. (Docket no. 116 at 5 & ex. D). These interrogatories and requests for production pertain to Holloway and the information Defendants have about her allegations. Plaintiffs have failed to show that a deposition of Holloway would not be cumulative to the information gathered by their interrogatories and production requests. In consideration of these and the other factors set forth above, the Court will deny Plaintiffs' motion.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to Conduct More Than Ten (10) Depositions (docket no. 105) be **DENIED.**

### Notice to the Parties

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: October 26, 2006        s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: October 26, 2006        s/ Lisa C. Bartlett
                                Courtroom Deputy