**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KURTIS HARRISON and
BRITT HARRISON,

    Plaintiffs,                                      Case No. 05-73079

v.                                                 Hon. Gerald E. Rosen

OAKLAND COUNTY, *et al.*,

    Defendants.
_____/

**ORDER DENYING PLAINTIFFS'**
**MOTION FOR RECONSIDERATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     May 1, 2009

PRESENT: Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

By opinion and order dated March 31, 2009, the Court awarded summary judgment in Defendants' favor on each of Plaintiffs' claims in this case. Through the present motion, filed on April 14, 2009, Plaintiffs seek reconsideration of certain aspects of the Court's ruling. Under Local Rule 7.1(g)(3) of this District, however, the Court ordinarily "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court" in its challenged decision. As explained briefly below, this principle applies with full force here, and dictates the denial of Plaintiffs' motion.

In the approach they have adopted in their present motion, Plaintiffs place

themselves at a severe disadvantage in their effort to "demonstrate a palpable defect" in the Court's ruling, as required to obtain relief under Local Rule 7.1(g)(3). Surely, in order to make such a showing, Plaintiffs first must acknowledge the Court's discussion of a particular issue, and then identify one or more purported flaws in the Court's reasoning on this subject. Yet, to read Plaintiffs' motion, one might think that the Court had not engaged in any analysis whatsoever of the issues that are the subject of Plaintiffs' present challenge, but instead had simply ruled without explanation.

Simple inspection of the Court's 40-page opinion and order reveals that this is not the case. Specifically, each of the three points raised in the present motion was thoroughly addressed in the Court's March 31 ruling:

> (1)   As to Plaintiffs' contention that they established the "causal connection" element of a *prima facie* case of Title VII retaliation, the Court held that Plaintiffs had made "no attempt" to "identify evidence in the record that could be viewed as establishing" this element of their *prima facie* case, and that it would be inappropriate for the Court to engage in this task on Plaintiffs' behalf. (3/31/2009 Op. at 16-19.) Despite this failure, the Court addressed the merits of this "causal connection" element in a footnote, opining that it was doubtful whether Plaintiffs could have established this element even if they had attempted to do so. (*Id.* at 19 n.18.)[1]

---

[1] Plaintiffs also fault the Court for having granted leave to file a supplemental affidavit, but then failing to address this affidavit in its March 31 opinion. Yet, this affidavit merely identified additional adverse actions suffered by Plaintiff Kurtis Harrison, and thus provided additional support for an element of Plaintiffs' *prima facie* case that, as explained in the March 31 opinion, Defendants had not contested. (*See id.* at 18.) Rather, Plaintiffs' Title VII retaliation claim failed as to the "causal connection" element of a *prima facie* case, and for want of Title VII "protected activity" as to Plaintiffs' claim of further retaliation after Kurtis Harrison's reinstatement. Thus, there was no reason for the Court to discuss Plaintiffs' supplemental affidavit.

(2)    As to Plaintiffs' claim that Kurtis Harrison and Defendant Sarah Gooch qualify as "similarly situated," the Court held (with citation to Sixth Circuit authority) that they were not similarly situated in all relevant respects. (*Id.* at 26-27.)

(3)    As to Plaintiffs' contention that they produced evidence that Defendants' stated basis for Kurtis Harrison's discharge was a pretext for discrimination, the Court concluded otherwise after extensively analyzing this question in light of the record. (*Id.* at 28-31.)

Much as Plaintiffs might disagree with these rulings or insist that they are "mistaken," such disagreement alone does not establish a "palpable defect" that would warrant reconsideration of the March 31, 2009 opinion and order.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' April 14, 2009 motion for reconsideration (docket #129) is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: May 1, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 1, 2009, by electronic and/or ordinary mail.

s/Ruth Brissaud
Case Manager

3